IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ebin Clark, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 7813 |
| First Resolution Investment Corporation, a Nevada corporation, and Blitt and Gaines, P.C., an Illinois professional corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ebin Clark, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Ebin Clark ("Clark"), is a full-time student, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a FIA Card Services credit card.

4.	Defendant, First Resolution Investment Corporation ("First Resolution"), is a Nevada corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, First Resolution was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.	Defendant, Blitt and Gaines, P.C. ("Blitt"), is an Illinois professional corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Blitt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.	Defendant First Resolution is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Blitt.

7.	Defendants, First Resolution and Blitt are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit Group A. In fact, Defendants conduct business in Illinois.

8.	Moreover, Defendant First Resolution is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, First Resolution acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

9. On April 6, 2010, Defendants filed a lawsuit against Mr. Clark in a matter styled <u>First Resolution v. Ebin Clark</u>, No. 10 M1 128192 (Circuit Court of Cook County, Illinois) (the "State Court Lawsuit") to attempt to collect a debt that Mr. Clark allegedly owed for an FIA Card Services credit card, which alleged debt Defendant First Resolution purchased the after it had become delinquent. A copy of the Complaint in that matter is attached as attached as Exhibit <u>C</u>.

10. Mr. Clark disputed in the State Court Lawsuit that he owed this FIA Card Services debt and, on July 15, 2010, filed a Motion to Dismiss. A copy of Mr. Clark's Motion to Dismiss is attached as Exhibit <u>D.</u>

11. On December 16, 2010, the lawsuit against him was dismissed, without prejudice. A copy of the electronic docket showing this dismissal is attached as Exhibit <u>E</u>.

12. Nonetheless, on July 26, 2012, Defendants filed with the Circuit Court of Cook County, and mailed to Plaintiff and Plaintiff's employer, a Wage Deductions Summons, Wage Deductions Notice, Affidavit for Wage Deduction Order, and Withholding Calculation Worksheet, demanding that this employer provide Mr. Clark's wage information and deduct up to 15% of his wages to be paid towards the "judgment" that they had allegedly obtained against him in the State Court Lawsuit. Copies of these wage deduction notices are attached as Exhibit Group <u>F</u>.

13. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), and threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

17. Defendants violated § 1692e of the FDCPA by making false collection statements about, and to, Plaintiff and Plaintiff's employer, including, but not limited to;

   a. that Defendants had a judgment against Plaintiff;

   b. that Defendants could initiate post-judgment wage garnishment;

   c. that Plaintiff owed Defendants post-judgment interest; and,

   d. that Plaintiff had a FIA Card Services credit card debt;

18. Defendants' violations of § 1692e of the FDCPA render them liable for statutory and actual damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(b) Of The FDCPA --
### Communication With Third Parties

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(b) of the FDCPA prohibits a debt collector from

4

communicating with any person other than the consumer, in connection with collection of a debt, without the prior consent of the consumer or as provided by law. See, 15 U.S.C. § 1692c(b).

21. Here, by writing Mr. Clark's employer regarding his alleged debt even though they did not have a judgment against him, alleging that there was a judgment entered against him, and that Defendants had the right to garnish Mr. Clark's wages for the judgment, including post-judgment interest, Defendants violated § 1692c(b) of the FDCPA.

22. Defendants' violations of § 1692c(b) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ebin Clark, pray that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Clark, and against Defendants, for statutory and actual damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ebin Clark, demands trial by jury.

                    Ebin Clark,

                    By:/s/ David J. Philipps
                    One of Plaintiff's Attorneys

Dated: September 28, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com